1  Robert S. Green (SBN 136183)
2  James Robert Noblin (SBN 114442)
   GREEN & NOBLIN, P.C.
3  4500 East Pacific Coast Highway, 4th Fl.
   Long Beach, CA  90804
4  -and-
5  700 Larkspur Landing Circle, Suite 275
   Larkspur, CA  94939
6  Telephone:  (415) 477-6700
7  Facsimile:  (415) 477-6710
   Email:  gnecf@classcounsel.com
8
9  William B. Federman
10 FEDERMAN & SHERWOOD
   10205 North Pennsylvania Avenue
11 Oklahoma City, Oklahoma 73120
   Telephone: (405) 235-1560
12 Facsimile: (405)239-2112
13 Email: WBF@federmanlaw.com
14
   *Attorneys for Plaintiff and the Class*
15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

19 HOWARD B. SIROTA, on Behalf of        Case No.:  2:15-cv-03370
   Himself and All Others Similarly
20 Situated,                            **CLASS ACTION COMPLAINT**

21               Plaintiff,
                                         **DEMAND FOR JURY TRIAL**
22 vs.

23
   EMMANUEL D. PACQUIAO and
24 TOP RANK, INC., a Nevada
   corporation,
25

26               Defendants.

27

28

class action

Plaintiff Howard B. Sirota ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants Emmanuel J. Pacquaio ("Pacquaio") and Top Rank, Inc. ("Top Rank") and states:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of Plaintiffs are citizens of states different from Defendants.  Further, greater than two-thirds of the Class members reside in states other than the state in which Defendants are citizens and/or reside.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this District. Defendant Pacquaio resides in this District and is subject to personal service in this District.  Defendant Top Rank does substantial business in this District and has intentionally availed itself of the laws and markets within this District.

### PARTIES

3.      At all times relevant to this matter, Plaintiff was a citizen of Florida and resided and continues to reside in Hollywood, Florida.

4.      Defendant Pacquaio is a resident of Los Angeles, California in the Central District of California, Southern Division.

5.      Defendant Top Rank is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

### FACTUAL ALLEGATIONS

6.      Defendant Emmanuel D. ("Manny") Pacquaio is a Filipino world champion professional boxer who has won eight world championships.

7.      Defendant was named "Fighter of the Decade" for the 2000s by the Boxing Writers Association ("BWAA") and the World Boxing Organization.

CLASS ACTION COMPLAINT

Defendant also won BWAA's "Fighter of the Year" award for the years 2006, 2008 and 2009.

8.     According to Forbes, Pacquaio was the 14th highest paid athlete in the world as of 2013.

9.     On May 2, 2015, a fight was scheduled between Pacquaio and boxer Floyd Mayweather, Jr. at the MGM Grand in Las Vegas, Nevada.  Hyped as the "Fight of the Century," the event was a much sought after ticket, and drew hordes of celebrities and boxing aficionados.

10.    The fight promoter was Defendant Top Rank, the country's premiere boxing promotions company.

11.    Both Pacquaio and Mayweather received massive paychecks – reported to be approximately $100 million each – for the fight.  Upon information and belief, Top Rank also profited handsomely from the fight.

12.    The fight was broadcast on pay-per-view, and so many individuals and businesses signed up for the event that pay-per-view was unable to meet the full demand.  The average cost for an individual broadcast was approximately $100.00, while businesses such as bars and restaurants paid many times that amount.

13.    Mayweather prevailed in a unanimous decision.  Spectators were underwhelmed by the fight, with champion boxer Mike Tyson terming it the "Dud of the Century."

14.    After the fight, it was revealed that Pacquaio was suffering from a very significant shoulder injury, making him unable to fight to his full ability.  On May 4, 2015, Los Angeles orthopedic surgeon Dr. Neal ElAttrache told ESPN that Pacquaio has a "significant tear" in his rotator cuff that will require surgery and require him to be away from the ring for 9-12 months.

15.    When the Nevada State Athletic Commission administered the pre-fight examination on Pacquaio on the Friday afternoon before the fight, Pacquaio

class action

was given a questionnaire.  Among the questions was: Have you had any injury to your shoulders, elbows, or hands that needed evaluation or examination?  Under penalty of perjury, Pacquaio replied no.

16.     To the contrary, one of Pacquaio's sparring partners has allegedly reported that Pacquaio was in fact injured a few weeks prior to the fight, and that the injury was so severe that Pacquaio could not continue to spar and both boxers were sent home.

17.     As a result of the injury, Pacquaio allegedly requested an injection of Toradol (a non-steroidal prescription medication) and the numbing drug lidocaine before the fight. That request was blocked by the Nevada State Athletic Commission.

18.     Defendants have allegedly admitted that Pacquaio was not 100% healthy on the night of the fight, and Pacquaio later told the L.A. Times that he re-injured his shoulder in the fourth round of the fight.

19.     Pacquaio could face disciplinary action, including fine or suspension, as a result of his misrepresentation on the questionnaire.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The proposed nationwide Class consists of:

> All persons who purchased a pay-per-view broadcast of the Mayweather-Pacquaio fight which took place in Las Vegas, Nevada on May 2, 2015.

21.     ***Numerosity***.  The class consists of tens of thousands of consumers. Therefore, the members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members is unknown to Plaintiff.

22.     ***Existence and Predominance of Common Questions of Law and Fact.***  Common questions of law and fact exist as to all members of the Class and

CLASS ACTION COMPLAINT

class action

predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

a)       whether Defendants falsely, deceptively, and misleadingly represented Pacquaio's health status prior to the May 2, 2015 fight.

23.    **_Typicality._**  Plaintiff's claims are typical of the claims of the members of the Class and Plaintiff has the same claims as those of the other Class members.

24.    **_Adequacy of Representation._**  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

25.    **_Superiority._**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants.  It would thus be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, a class action provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

CLASS ACTION COMPLAINT

## COUNT I

### Fraud/Intentional Misrepresentation

26.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

27.    Plaintiff, and each member of the Class, paid a significant amount of money to watch what was represented as the "Fight of the Century."

28.    Unknown to Plaintiff and the Class members, Defendant Pacquaio was injured, rendering him unable to fight to his full ability.

29.    Defendants intentionally and wrongfully concealed Pacquiao's injury from Plaintiff and the Class members in order to receive millions of dollars in compensation

30.    As a result of Defendants' fraud and intentional misrepresentations, Plaintiff and the Class members have suffered damages.

## COUNT II

### Unjust Enrichment

31.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

32.    As a result of the unlawful conduct described herein, Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class.

33.    Specifically, Defendants' unfair and unlawful actions, as described herein, have enabled Defendants to receive money and other benefits in violation of the law at the expense of Plaintiff and the other members of the Class.

34.    Defendants' receipt and retention of this financial benefit is unfair and improper under the circumstances.

35.    As such, Defendants should be required to disgorge the money they retained as a result of its unjust enrichment.

class action

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.     Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.     Awarding Plaintiff and the Class punitive damages;

E.     Awarding attorneys' fees and costs; and

F.     Providing such further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  May 5, 2015                         **GREEN & NOBLIN, P.C.**


By:   /s/ Robert S. Green
          Robert S. Green

Robert S. Green
James Robert Noblin
700 Larkspur Landing Circle, Suite 275
Larkspur, CA  94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounselcom

William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405)239-2112
Email: WBF@federmanlaw.com

*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT

class action